UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBIN RELPH, *et al.*,           :     Case No. 3:13-cv-138
                                 :
    Plaintiffs,                  :     Judge Timothy S. Black
                                 :
vs.                              :
                                 :
NORTHWITT, INC., *et al.*,       :
                                 :
    Defendants.                  :

**DECISION AND ENTRY GRANTING DEFENDANTS' MOTIONS TO REMAND (Docs. 30, 35, 38) AND ORDERING THIS CASE REMANDED TO THE MONTGOMERY COUNTY, OHIO COURT OF COMMON PLEAS**

This case is before the Court on the Motions to Remand filed by Defendants Waynetown Associates, Ltd. ("Waynetown"), Northwitt, Inc. ("Northwitt") and Butler Asphalt Company, LLC ("Butler Asphalt"). (Docs. 30, 35, 38). Defendant Liberty Life Assurance Company ("Liberty") filed memoranda opposing each Defendant's Motion to Remand. (Docs. 36, 37, 40). Defendants Waynetown and Butler Asphalt filed reply memoranda. (Docs. 39, 42). The Motions are now ripe for decision by the Court.

### I.  FACTS

Plaintiff Robin Relph originally filed a Complaint in the Montgomery County, Ohio Court of Common Pleas alleging claims against a number of Defendants arising from a slip and fall outside a business located in Huber Heights, Ohio. (Doc. 3). Plaintiff alleges that certain Defendants were negligent in the construction of a curb ramp in front

of the property where the slip and fall allegedly occurred and that other Defendants were allegedly negligent in maintaining the property. (Doc. 3, PAGEID 21-22).

In addition to naming entities associated with the construction and maintenance of the alleged hazard, Plaintiff also names Liberty as a Defendant because Liberty "may have paid disability insurance on behalf of Plaintiff for wage loss it claims are related to" the slip and fall and Defendants' alleged negligence. (Doc. 3, PAGEID 23). Plaintiff also alleges that Liberty "is not entitled to be reimbursed or subrogated to the rights of the Plaintiff for monies it paid for wage loss or not entitled to the extent in which it claims." Plaintiff requests that the Court "determine if and to what extent [Liberty] should be reimbursed or subrogated to the rights of Plaintiff against named Defendants or other liable parties for disability insurance it has paid related to Plaintiff's injuries and treatment." (Doc. 3, PAGEID 23).

On May 1, 2013, Liberty filed a Notice of Removal in the state court contending that Plaintiff's claims against Liberty fall within the scope of § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), and therefore, are completely preempted. Defendants Waynetown, Northwitt and Butler Asphalt all move to remand this case to the state court arguing that removal is improper in this case.

## II. ANALYSIS

"Generally, a civil case brought in a state court may be removed by a defendant to federal court if it could have been brought there originally." *Rogers v. Wal-Mart Stores,*

*Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (citing 28 U.S.C. § 1441(a) (stating that a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction")). "The removing party bears the burden of demonstrating federal jurisdiction, and all doubts should be resolved against removal." *Harnden v. Jayco, Inc.*, 496 F.3d 579, 582 (6th Cir. 2007) (citing *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006)).

Here, Liberty claims that removal is proper and that federal question jurisdiction exists because Plaintiff's state law declaratory judgment claim against Liberty falls within the scope of and is completely preempted by § 502(a)(1)(B) of ERISA. "In determining whether a court has federal subject matter jurisdiction, the court ordinarily begins by examining the plaintiff's well-pleaded complaint." *Community Insurance Co. v. Rowe*, 85 F.Supp.2d 800,812 (S.D. Ohio 1999) (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987)). "One corollary of the well-pleaded complaint rule developed in the case law, however, is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life*, 481 U.S. at 64.

Pursuant to 29 U.S.C. § 1144(a), the terms of ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan[.]" However, as set forth by the Sixth Circuit, "[t]he fact that a state law claim is 'preempted' by ERISA . . . does not . . . provide a basis for removing the claim to federal court." *Sonoco Products Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 371 (6th Cir. 2003);

3

*see also Taylor Chevrolet, Inc. v. Medical Mut. Services, LLC*, No. 2:07-cv-53, 2007 WL 1452618, *3 (S.D. Ohio May 15, 2007) (stating that "[r]emoval and preemption . . . are two distinct concepts").  Instead, removal on the basis of ERISA preemption is proper only when such preemption is complete.  *See Serraiocco v. Seba*, 286 F.Supp.2d 860, 864-65 (E.D. Mich. 2003) (stating that "causes of action which raise conflict preemption are not removable"); *see also Hahn v. Rauch*, 602 F.Supp.2d 895, 908-09 (N.D. Ohio 2008).  Absent complete preemption, federal subject matter jurisdiction does not exist and a case removed on that basis must be remanded to the state court.  *Id.*; *see also Hahn*, 602 F.Supp.2d at 908-09); *Taylor Chevrolet*, 2007 WL 1452618 at *4 (stating that "state law claims that fall outside the scope of ERISA's civil enforcement provision are not subject to removal even though the state law at issue may 'relate to' an ERISA plan as to be preempted under § 1144(a)")

"In order to be completely preempted, the state law claim must be capable of being characterized as an ERISA enforcement action under ERISA's civil enforcement provision.  *Taylor Chevrolet*, 2007 WL 1452618 at *4 (citing 29 U.S.C. § 1132(a)).  As noted by the Sixth Circuit, there are:

> three essential requirements for complete preemption: (1) the plaintiff must have standing under § 502(a) to pursue its claim; (2) its claim must "fall[ ] within the scope of an ERISA provision that [it] can enforce via § 502(a)"; and (3) the claim must not be capable of resolution "without an interpretation of the contract governed by federal law," *i.e.*, an ERISA-governed employee benefit plan.

*Id*. (citing *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482 (7th Cir. 1996); *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207 (11th Cir. 1999)).

4

Liberty contends that Plaintiff's claims against it are completely preempted pursuant to 28 U.S.C. § 1132(a)(1)(b), which states that "[a] civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]"  In support of its position, Liberty cites a number of cases from outside the Sixth Circuit standing for the proposition that complete preemption applies when a participant or beneficiary seeks to declare the subrogation provisions of an ERISA plan unenforceable as a matter of law.  *See Arana v. Ochsner Health Plan*, 338 F.3d 433 (5th Cir. 2003); *Singh v. Prudential Health Care Plan, Inc.*, 335 F.3d 278 (4th Cir. 2003).

Here, however, Plaintiff does not seek to invalidate Liberty's right to subrogation under the terms of the Liberty plan as unenforceable.  Instead, Plaintiff names Liberty to the underlying personal injury lawsuit simply because Liberty paid disability insurance benefits to Plaintiff and because Liberty may have a subrogation right under the plan for reimbursement from any recovery Plaintiff receives from Defendants as a result of their alleged negligence.  In fact, the essential substance of Plaintiff's allegations assert merely that Libery "may have paid disability insurance on behalf of Plaintiff for wage loss *it claims are related* to the subject matter of this Complaint."  (Doc. 3, PAGEID 23) (Emphasis added).

Reasonably construing this allegation, the Court concludes that Plaintiff merely challenges Liberty's purported contention that all of the benefits it paid are related to Defendants' alleged negligence, *i.e.*, the extent of its lien, not the enforceability of its

5

lien.  Nowhere does Plaintiff reference any terms of the plan, seek payment of additional benefits, allege that Liberty lacks an enforceable right to subrogation or reimbursement pursuant to the terms of the Plan or seek a clarification concerning any right to future benefits under the terms of the plan.  *See Community Insurance Co. v. Rowe*, 85 F.Supp.2d 800,811-817 (S.D. Ohio 1999); *see also Cottrill v. Allstate Ins. Co.*, No. 2:09-cv-714, 2009 WL 3673017, *3-4 (S.D. Ohio Oct. 30, 2009).  Accordingly, the Court concludes that Plaintiff's claims against Liberty do not fall within the scope of ERISA's civil enforcement provisions and, therefore, are not completely preempted.

### III.  CONCLUSION

Because Liberty removed this case and opposes remand, it bears the burden of establishing that jurisdiction is proper in this Court, and any doubt must be "resolved in favor of remand."  *Gibson v. Cellular Sales of Knoxville, Inc.*, No. 12–591–DLB, 2013 WL 3754021, *7 (E.D. Tenn. Jul. 15, 2013) (citing *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006)).  Liberty fails to meet its burden, and, as a result, the Court **GRANTS** the Motions to Remand filed by Defendants Waynetown, Northwitt, and Butler Asphalt.  (Docs. 30, 35, 38).  The Court **ORDERS** that this case be **REMANDED** to the Montgomery County, Ohio Court of Common Pleas.

**IT IS SO ORDERED.**

Date:  8/13/12                                    ___/s/ Timothy S. Black_____
                                                    Timothy S. Black
                                                    United States District Judge